THE PEOPLE v. BURTON HUSTED AND FRANK PARISH.

*Liquor-selling—Time for closing bar.*

A complaint under How. St. § 2274 for not closing a saloon "at the hour of nine o'clock" on a specified day, and for keeping it open "until twenty minutes past eleven o'clock in the afternoon of said day," is not bad for failing to show that nine o'clock at night was meant and for using the word "afternoon."

Exceptions before judgment from Clare. (Hart, J.) Jan. 30.—Feb. 8.

Complaint for keeping saloon open after nine o'clock at night. Conviction affirmed.

Attorney General *Jacob J. Van Riper* for the People.

*C. W. Perry* for respondent. Twenty minutes past eleven in the afternoon is an impossible time: 1 Bish. Cr. Prac. §§ 611, 612; *State v. Gove* 34 N. H. 510; *State v. Hickman* 8 N. J. L. 299; *State v. O'Bannon* 1 Bailey 144; *Updegraff v. Com.* 6 S. & R. 5; *Tully v. People* 67 N. Y. 15; *State v. Robbins* 66 Me. 324.

CHAMPLIN, J. Complaint was made against the defendants and one Charles Peters before a justice of the peace of

the township of Grant, Clare county, for a violation of the
Act of 1881 relative to the sale of spirituous liquors.    The
complaint was as follows:

"On the 22d day of July, A. D. 1882, at the village of
Clare, in the county aforesaid, (the said 22d day of July,
A. D. 1882, being a week day,) Burton Husted, Charles
Peters and Frank Parish, (he, the said Burton Husted, not
being a person whose business it is and was at that time to
deal in drugs and medicines), did not close at the hour of
nine o'clock on said 22d day of July, A. D. 1882, a certain
saloon in the village of Clare, in said county, which said
saloon he, the said Burton Husted, was then and there the
proprietor and keeper, the said saloon being then and there
a place in said village where malt, spirituous, and intoxica-
ting liquors were sold at retail.   But that the said Burton
Husted kept the said saloon open on the said 22nd day of
July, A. D. 1882, until twenty minutes past eleven o'clock
in the afternoon of said day, contrary and in violation of
Act 259 of the Session Laws of 1881.                      '

"And the said Charles Peters and Frank Parish being
then and there clerks, servants and agents of the said Bur-
ton Husted, and they as such clerks, servants and agents of
said Burton Husted, not being persons whose principal
business it is and was at that time to deal in drugs and
medicines, either for themselves or for their principal, Bur-
ton Husted, did not close at the hour of nine o'clock on the
22d day of July, A. D. 1882, a certain saloon in the village
of Clare, in said county, which said saloon one Burton
Husted was then and there the proprietor and keeper, the
said saloon being then and there a place in said village
where malt, spirituous, and intoxicating liquors were sold
at retail.  But that the said Charles Peters and Frank Parish
kept the said saloon open on the said 22d day of July, A.
D. 1882, until twenty minutes past eleven o'clock in the
afternoon of said day, contrary and in violation of Act No.
259 of the Session Laws of 1881.

On the trial before the justice, Husted and Parish were
convicted, and appealed to the circuit court where they
were again tried before a jury and found guilty.

The defendants then moved in arrest of judgment upon
the ground that "the complaint made in said cause, and
upon which the defendants were tried, does not charge any
offense under the law."

The statute under which complaint was made reads as follows:

" All saloons, restaurants, bars, in taverns or elsewhere, and all other places where any of the liquors mentioned in sections one and two of this act are or may be sold, or kept for sale, either at wholesale or retail, shall be closed on the first day of the week, commonly called Sunday, on all election days, on all legal holidays, and until seven o'clock of the following morning, and on each week-day night from and after the hour of nine o'clock until seven o'clock of the morning of the succeeding day." [How. St. § 2274.]

The particular defect claimed to exist in the complaint consists in failing to charge that the saloon was not closed from and after nine o'clock at night, but uses the term "afternoon," the word "night" not appearing in the complaint. It is a well-settled rule of criminal pleading that a complaint or information upon a statute must state all the facts and circumstances which constitute the statutory offense; but, except in cases where the statute enumerates several elements as combining to create a crime, it is not necessary that the words of the statute should be precisely followed; and words of equivalent import or more extensive signification which necessarily include the words used in the statute, may be substituted. The complaint is clearly within the rule. It alleges that on the 22d day of July, 1882, being a week day, defendants did not close their saloon at the hour of nine o'clock, but kept it open until twenty minutes past eleven o'clock in the afternoon of said day. This is equivalent to saying that the defendants did not keep their saloon closed on that particular " week-day night from and after the hour of nine o'clock until seven o'clock of the morning of the succeeding day."

Counsel for defendant insists that the complaint names an impossible time, and he cites Webster's and Worcester's unabridged dictionaries to prove that the word " afternoon " signifies from " noon" until " evening," and that "night" is the time from sunset until sunrise. Accurately and properly speaking the definitions are correct. But we think the distinction as applied to the complaint in this case

is too critical. The pleader was not referring to the period of time between "noon" and "evening," but to the hours that had elapsed since the hour of noon, and when that is stated to be until twenty minutes past eleven o'clock it is pretty certain that in this latitude it was after the hour of nine o'clock at night.

The circuit court is advised to proceed to judgment.

The other Justices concurred.